UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2023 MAY -1 PM 4:33
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____nmc____

| | |
|---|---|
| BRANDON CALLIER, <br><br> Plaintiff, <br><br> v. <br><br> BOTTOM LINE CONCEPTS, LLC, a Florida Limited Liability Company <br><br> Defendants. | § § § § § § § § § § § § § |

JUDGE DAVID GUADERRAMA

EP23CV0180

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2. Defendant BOTTOM LINE CONCEPTS, LLC ("Bottom Line") is a limited liability company organized and existing under the laws of Florida and can be served via registered agent Joshua Fox, 3323 NE 163rd Street, STE 302, North Miami Beach, Florida 33160.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4. The Court has supplemental jurisdiction over Count III under 28 U.S.C § 1367.

1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2023 MAY -1 PM 4:33
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

JUDGE DAVID GUADERRAMA

| | |
|---|---|
| BRANDON CALLIER,<br><br>Plaintiff,<br><br>v.<br><br>BOTTOM LINE CONCEPTS, LLC, a Florida Limited Liability Company<br><br>Defendants. | §§§§§§§§§§§§ EP23CV0180 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2. Defendant BOTTOM LINE CONCEPTS, LLC ("Bottom Line") is a limited liability company organized and existing under the laws of Florida and can be served via registered agent Joshua Fox, 3323 NE 163rd Street, STE 302, North Miami Beach, Florida 33160.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4. The Court has supplemental jurisdiction over Count III under 28 U.S.C § 1367.

1

5. This Court has specific personal jurisdiction over Defendant Bottom Line because Defendant Bottom Line purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant Bottom Lines's purposeful contacts with Texas and the litigation:

   a. Defendant Bottom Line targets Texas when marketing employee retention credit (ERC) services and regularly conducts business in this District, including telephone solicitation.

   b. Bottom Line called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Bottom Line's Employee Retention Credit services.

   c. These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant Bottom Line, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that

the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D.

4

Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## The Texas Business and Commerce Code § 302.101

20. The Texas Business and Commerce code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.

21. The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

22. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

23. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

## FACTUAL ALLEGATIONS

24. Plaintiff personally successfully registered his phone number ending in 4374 on the National Do-Not-Call Registry ("DNC") in January 2021.

25. Plaintiff was registered on the National DNC at all times relevant to this Complaint.

26. Call #1. On April 25, 2023, Plaintiff received a phone call that displayed 786-936-1984 on Plaintiff's caller identification. As a result of the phone call Plaintiff received a prerecorded voice message that stated:

> "Exciting news debit has an urgent notice regarding your Grant application. They can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back now at 786-936-1984 to speak with a specialist who can guide you through the application process and help you secure this free Grant. This may be your last chance to receive this funding. So don't wait. Again that's 786-936-1984. To get connected with a specialist. Act now to secure your business' financial future."

27.   Call #2. On April 27, 2023, Plaintiff received a phone call that displayed 201-354-1941 on Plaintiff's caller identification. As a result of the phone call Plaintiff received a prerecorded voice message that stated:

> "Exciting news debit has an urgent notice regarding your Grant application. They can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back now at 786-936-1984 to speak with a specialist who can guide you through the application process and help you secure this free Grant. This may be your last chance to receive this funding. So don't wait. Again that's 786-936-1984. To get connected with a specialist. Act now to secure your business' financial future."

28.   Call #3. On April 28, 2023, Plaintiff received a phone call that displayed 650-702-1059 on Plaintiff's caller identification. As a result of the phone call Plaintiff received a prerecorded voice message that stated:

> "Exciting news. Debit Tim has an urgent notice regarding your Grant application that can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back now at 650-702-1059 to speak with a specialist who can guide you through the application process and help you secure this free Grant. This may be your last chance to receive this funding. So don't wait. Again that's 650-702-1059 to get connected with a specialist. Act now to secure your business' financial future."

29.   Call #4. On April 28, 2023, Plaintiff received a phone call that displayed 650-702-1059 on Plaintiff's caller identification. As a result of the phone call Plaintiff received a prerecorded voice message that stated:

> "Exciting news. Debit Tim has an urgent notice regarding your Grant application that can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back now at 650-

6

702-1059 to speak with a specialist who can guide you through the application process and help you secure this free Grant. This may be your last chance to receive this funding. So don't wait. Again that's 650-702-1059 to get connected with a specialist. Act now to secure your business' financial future."

30. On April 29, 2023, Plaintiff called 650-702-1059, the number listed in the prerecorded voice message, in order to determine who was behind the prerecorded voice message phone calls. Plaintiff was connected to Steve Gil who solicited Plaintiff for an Employee Retention Credit ("ERC").

31. Plaintiff informed Gil his name was "Jonathan Harris" for the purpose of ensuring Gil would not hang up the phone before Plaintiff had the opportunity to discern the responsible company.

32. On April 28, 2023, Gill send Plaintiff a contract from Bottom Line Concepts. This contract revealed Bottom Line was responsible for the four prerecorded voice message calls received by Plaintiff.

33. Table A below displays calls made to Plaintiff by Defendant Todays Advance on behalf of and at the direction of Defendant Arsenal.

**TABLE A**

| Number: | Date: | Time: | Caller ID: | Notes: |
|---|---|---|---|---|
| 1. | 04/25/2023 | 1:19 PM | 786-936-1984 | Prerecorded message |
| 2. | 04/27/2023 | 10:01 AM | 201-354-1941 | Prerecorded message |
| 3. | 04/28/2023 | 12:29 PM | 650-702-1070 | Prerecorded message |
| 4. | 04/28/2023 | 2:19 M | 650-702-1059 | Prerecorded message |

7

34. On April 29, 2023, Plaintiff searched on the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp and did not find a valid Texas Solicitation Registration as required by Texas Business and Commerce Code 302.101 for Bottom Line.

35. Defendant Bottom Line does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents. Plaintiff is a Texas resident.

36. Defendants Bottom Linen participated in, facilitated, directed, authorized, knew of, or willfully ignored the unlawful telemarketer's calls while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful solicitation calls.

37. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

38. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

39. No emergency necessitated the calls.

40. Through information and belief, Defendant Bottom Line did not have a written do-not-call policy while it was sending Mr. Callier unsolicited calls.

41. Through information and belief, Defendant Bottom Line did not train their agents who engaged in telemarketing on the existence and use of any do-not-call list.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

42. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

43. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

44. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

45. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

## Plaintiff's Cell Phone is a Residential Number

46. The calls were to Plaintiff's cellular phone which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 17 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose

## Violations of the Texas Business and Commerce Code § 302.101

47. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

48. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E,

Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

49. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

50. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

51. Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

52. Under Texas Business and Commerce Code § 302.302(d) Plaintiff is entitled to all reasonable costs of prosecuting the case including attorney's fees, deposition costs, investigation costs, and witness fees.

## I. FIRST CLAIM FOR RELIEF

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)**

53. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-52.

54. Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

55. Plaintiff was statutorily damaged at least forty-nine (49) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

56. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

57. As a result of Defendant's violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500 in statutory damages, or $1,500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

58. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II.   SECOND CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A)(iii))

59. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-52.

60. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone numbers without his prior express written consent.

61. Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(b)(3)(B) by Defendants by the telephone calls described above, in the amount of $500.00 per call.

62. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

63. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

### III. SECOND CLAIM FOR RELIEF
### (Violations of The Texas Business and Commerce Code 302.101)

64. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-52.

65. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

66. Mr. Callier is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a)**.

67. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. **Texas Business and Commerce Code 302.302(d)**.

### III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.   A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.   An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.   An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for four (4) calls.

E.   An award of $5,000 in statutory damages arising from four (4) violations of the Texas Business and Commerce code 302.101.

F.   An award to Plaintiff of damages, as allowed by law under the TCPA;

G.   An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

H.   Such further relief as the Court deems necessary, just, and proper.

Dated: May 1, 2023,                                     Respectfully submitted,

*[signature]*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604


I.   **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 1, 2023,

*[signature]*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604

13